IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DEBRA WILKINS-SCOTT,

                Plaintiff,

vs.                         Case No. 16-1123-SAC


NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,[1]

                Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income payments.  The matter has been fully briefed by the parties.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security.

(10th Cir. 1994).  Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by
such evidence that a reasonable mind might accept to support the
conclusion.  The determination of whether substantial evidence
supports the Commissioner's decision is not simply a
quantitative exercise, for evidence is not substantial if it is
overwhelmed by other evidence or if it really constitutes mere
conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).
Although the court is not to reweigh the evidence, the findings
of the Commissioner will not be mechanically accepted.  Nor will
the findings be affirmed by isolating facts and labeling them
substantial evidence, as the court must scrutinize the entire
record in determining whether the Commissioner's conclusions are
rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan.
1992).  The court should examine the record as a whole,
including whatever in the record fairly detracts from the weight
of the Commissioner's decision and, on that basis, determine if
the substantiality of the evidence test has been met.  Glenn, 21
F.3d at 984.

     The Social Security Act provides that an individual shall
be determined to be under a disability only if the claimant can
establish that they have a physical or mental impairment
expected to result in death or last for a continuous period of
twelve months which prevents the claimant from engaging in

substantial gainful activity (SGA).  The claimant's physical or
mental impairment or impairments must be of such severity that
they are not only unable to perform their previous work but
cannot, considering their age, education, and work experience,
engage in any other kind of substantial gainful work which
exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential
evaluation process to determine disability.  If at any step a
finding of disability or non-disability can be made, the
Commissioner will not review the claim further.  At step one,
the agency will find non-disability unless the claimant can show
that he or she is not working at a "substantial gainful
activity."  At step two, the agency will find non-disability
unless the claimant shows that he or she has a "severe
impairment," which is defined as any "impairment or combination
of impairments which significantly limits [the claimant's]
physical or mental ability to do basic work activities."  At
step three, the agency determines whether the impairment which
enabled the claimant to survive step two is on the list of
impairments presumed severe enough to render one disabled.  If
the claimant's impairment does not meet or equal a listed
impairment, the inquiry proceeds to step four, at which the
agency assesses whether the claimant can do his or her previous
work; unless the claimant shows that he or she cannot perform

their previous work, they are determined not to be disabled.  If
the claimant survives step four, the fifth and final step
requires the agency to consider vocational factors (the
claimant's age, education, and past work experience) and to
determine whether the claimant is capable of performing other
jobs existing in significant numbers in the national economy.
Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of
the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th
Cir. 1993).  At step five, the burden shifts to the
Commissioner to show that the claimant can perform other work
that exists in the national economy.  Nielson, 992 F.2d at 1120;
Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The
Commissioner meets this burden if the decision is supported by
substantial evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will
assess the claimant's residual functional capacity (RFC).  This
RFC assessment is used to evaluate the claim at both step four
and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g);
416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On June 12, 2014, administrative law judge (ALJ) Michael D.
Shilling issued his decision (R. at 13-19).  Plaintiff alleges
that she has been disabled since August 23, 2012 (R. at 13).  At

4

step one, the ALJ found that plaintiff has not engaged in
substantial gainful activity since the application date of
August 23, 2012 (R. at 15).  At step two, the ALJ found that
plaintiff had medically determinable impairments (R. at 15), but
further determined that plaintiff does not have a severe
impairment or combination of impairments (R. at 15).  In the
alternative, at step four, the ALJ concluded that even if
plaintiff was limited to light work due to a combination of her
impairments, she could still perform past relevant work (R. at
18).  Therefore, the ALJ concluded that plaintiff was not
disabled (R. at 19).

**III.  Did the ALJ err in finding that plaintiff's arthralgia was
not a medically determinable impairment?**

Plaintiff argues that the ALJ's finding that plaintiff's
arthralgia was not a medically determinable impairment was
erroneous (Doc. 11 at 7).  In his decision, the ALJ stated that
through February 2013, the claimant was noted to have only
"arthralgia" and no medically determinable musculoskeletal or
rheumatologic diagnosis was ever given.  Therefore, the ALJ
found that the claimant has no medically determinable impairment
related to her complaints of joint pain (R. at 17).

An impairment must result from anatomical, physiological,
or psychological abnormalities which can be shown by medically
acceptable clinical and laboratory diagnostic techniques, and

must be established by medical evidence consisting of signs, symptoms, and laboratory findings.  20 C.F.R. §§ 404.1508, 416.908.  Evidence to establish a medically determinable impairment must come from acceptable medical sources.  20 C.F.R. §§ 404.1513(a), 416.913(a).

Plaintiff's treating physician diagnosed plaintiff with arthralgia on numerous occasions (R. at 191-192, 194-195, 196-197, 198-199, 261-262, 263-264).  As set forth above, the ALJ mentioned that plaintiff was noted to have arthralgia,[2] but that no medically determinable musculoskeletal or rheumatologic diagnosis was ever given; therefore the ALJ concluded that the plaintiff has no medically determinable impairment related to her complaints of joint pain.  Defendant argues that arthralgia, or joint pain, is not an impairment, but a symptom that can be caused by numerous impairments (Doc. 12 at 4).  However, the citation provided by the defendant in support of this argument does **not** state that arthralgia is not an impairment, but a symptom.  This article on joint pain does state that joint pain, also known as arthralgia, can be caused by many types of injuries or conditions, which are listed. https://medlineplus.gov/ency/article/003261.htm (March 29, 2017).

---

[2] Arthralgia is defined as pain in a joint.  <u>Webster's New World Medical Dictionary</u>, 3rd ed. (2008 at 30).

Another article on arthralgia indicates that there are many causes of arthralgia.  It then proceeds to list the "symptoms" and the causes of arthralgia. https://www.healthgrades.com/conditions/arthralgia (March 29, 2017).  Yet another article on arthralgia, comparing it to arthritis, discusses arthritis and arthralgia as "conditions," and discusses the "symptoms" and the causes of both conditions. http://www.healthline.com/health/rheumatoid-arthritis/arthralgia (March 29, 2017).

Finally, it should be noted that numerous ALJs have found that arthralgia has been found to be a severe impairment at step two; e.g., Hayden v. Barnhart, 374 F.3d 986, 990 (10th Cir. 2004); Sitsler v. Astrue, 410 Fed. Appx. 112, 114 (10th Cir. Jan. 10, 2011); Avery v. Astrue, 313 Fed. Appx. 114, 116 (10th Cir. Feb. 19, 2009).  The ALJ offered no evidence to support a finding that arthralgia is not a medically determinable impairment.  Plaintiff's physician diagnosed plaintiff as having arthralgia, and the defendant's own records note that diagnosis (R. at 24).  An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculations, or lay opinions.  McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002).  The adjudicator is not free to substitute his own medical opinion for that of a disability claimant's treatment

providers and other medical sources.  Hamlin v. Barnhart, 365
F.3d 1208, 1221 (10th Cir. 2004).  An ALJ is not entitled to sua
sponte render a medical judgment without some type of support
for his determination.  The ALJ's duty is to weigh conflicting
evidence and make disability determinations; he is not in a
position to render a medical judgment.  Bolan v. Barnhart, 212
F. Supp.2d 1248, 1262 (D. Kan. 2002).

    Given the fact that plaintiff's treating physician
diagnosed arthralgia, the fact that Dr. Parsons affirmed a
report listing it as a diagnosis (R. at 228-229), the fact that
medical sources list the symptoms associated with arthralgia
(and do not indicate that arthralgia is merely a symptom), and
the fact that ALJs have repeatedly listed arthralgia as a severe
impairment in other cases, and the absence of any evidence in
this record that arthralgia is merely a symptom and cannot be
considered a medically determinable impairment, the court finds
that the ALJ erred by finding that plaintiff has no medically
determinable impairment related to her complaints of joint pain.

    Given that the ALJ should have considered plaintiff's
diagnosis of arthralgia as a medically determinable impairment,
the next question is whether the ALJ erred in finding that
plaintiff did not have a severe impairment(s) at step two.  The
burden of proof at step two is on the plaintiff.  See Nielson v.
Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993)(the claimant

bears the burden of proof through step four of the analysis).  A claimant's showing at step two that he or she has a severe impairment has been described as "de minimis."  Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997); see Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988)("de minimis showing of medical severity").  A claimant need only be able to show at this level that the impairment would have more than a minimal effect on his or her ability to do basic work activities.[3] Williams, 844 F.2d at 751.  However, the claimant must show more than the mere presence of a condition or ailment.  If the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities, the impairments do not prevent the claimant from engaging in substantial work activity.  Thus, at step two, the ALJ looks at the claimant's impairment or combination of impairments only and determines the impact the impairment would have on his or her ability to work.  Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).  A claimant must provide medical evidence that he or she had an impairment and how severe it was during the time the claimant alleges they were disabled.  20 C.F.R. § 404.1512(c),

---

[3] Basic work activities are "abilities and aptitudes necessary to do most jobs," 20 C.F.R. § 404.1521(b)[416.921(b)], including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." Social Security Ruling 85-28, 1985 WL 56856 at *3; Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004).

§ 416.912(c).

SSR 85-28 (Medical impairments that are not severe) states

the following:

> A claim may be denied at step two only if
> the evidence shows that the individual's
> impairments, when considered in combination,
> are not medically severe, i.e., do not have
> more than a minimal effect on the person's
> physical or mental ability(ies) to perform
> basic work activities.  <u>If such a finding is
> not clearly established by medical evidence,
> however, adjudication must continue through
> the sequential evaluation process</u>.
>
> ...........
>
> Great care should be exercised in applying
> the not severe impairment concept. If an
> adjudicator is unable to determine clearly
> the effect of an impairment or combination
> of impairments on the individual's ability
> to do basic work activities, the sequential
> evaluation process should not end with the
> not severe evaluation step. Rather, it
> should be continued.

1985 WL 56856 at *3, 4 (emphasis added).[4]

The step two determination is based on medical factors

alone.  <u>Langley v. Barnhart</u>, 373 F.3d 1116, 1123 (10th Cir.

2004); <u>Williamson v. Barnhart</u>, 350 F.3d 1097, 1100 (10th Cir.

2003); <u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988).

The step two requirement is generally considered a de minimis

screening device to dispose of groundless claims; thus,

reasonable doubts on severity are to be resolved in favor of the

---

[4] SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); <u>Nielson v. Sullivan</u>, 992 F.2d 1118, 1120 (10th Cir. 1993).

claimant.  Field v. Astrue, Case No. 06-4126-SAC, 2007 WL
2176031 at *4 (D. Kan. June 19, 2007); Brant v. Barnhart, 506
Fed. Supp.2d 476, 482 (D. Kan. 2007); Samuel v. Barnhart, 295 F.
Supp.2d 926, 952 (E.D. Wis. 2003); see Lee v. Barnhart, 117 Fed.
Appx. 674, 676-677 (10th Cir. Dec. 8, 2004)(Step two is designed
to weed out at an early stage those individuals who cannot
possibly meet the statutory definition of disability.  While the
mere presence of a condition or ailment is not enough to get the
claimant past step two, a claimant need only make "de minimis"
showing of impairment to move on to further steps in the
analysis); Church v. Shalala, 1994 WL 139015 at *2 (10th Cir.
April 19, 1994)(citing to SSR 85-28, the court stated that step
two is an administrative convenience to screen out claims that
are totally groundless solely from a medical standpoint); Newell
v. Commissioner of Social Security, 347 F.3d 541, 547 (3rd Cir.
2003)(reasonable doubts on severity are to be resolved in favor
of the claimant).

     On September 9, 2013, Dr. Schmidt, plaintiff's treating
physician, diagnosed pain in joints (R. at 258), and in his
physical exam found the following:

          Swelling present in hands and knees
          symmetrically.  Sausage digits[5] present.
          Some limited ROM [range of motion] in hands
          and knees and some stiffness present on
          movement.

---

[5] Sausage digit refers to the appearance of swelling of a digit.  https://radiopaedia.org/articles/sausage-digit (March 29, 2017).

(R. at 259).  On June 11, 2013, Dr. Schmidt diagnosed arthralgia and stated that plaintiff has limited endurance and weakness (R. at 261).[6]

The court finds that the medical records from Dr. Schmidt clearly provide a reasonable basis for changing the ALJ's decision that plaintiff does not have a severe impairment. First, as noted above, the step two requirement is generally considered a de minimis screening device to dispose of groundless claims; thus, reasonable doubts on severity are to be resolved in favor of the claimant.  All that plaintiff needs to show at this level is that the impairment would have more than a minimal effect on his or her ability to do basic work activities.  Second, the medical evidence from Dr. Schmidt, which was not before Dr. Winkler or Dr. Parsons, finds that plaintiff, who was diagnosed with arthralgia (a.k.a. joint pain), had a limited range of motion in her hands and knees, and some stiffness present on movement, and had limited endurance

---

[6] This evidence was first submitted to and considered by the Appeals Council (R. at 4, 5, 8).  The court must consider the qualifying new evidence submitted to the Appeals Council when evaluating the Commissioner's denial of benefits under the substantial evidence standard.  Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003); O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994).  The court will examine both the ALJ's decision and the additional findings of the Appeals Council.  This is not to dispute that the ALJ's decision is the Commissioner's final decision, but rather to recognize that the Commissioner's "final decision" includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence.  O'Dell, 44 F.3d at 859.  The district court's very task is to determine whether the qualifying new evidence upsets the ALJ's disability determination, Martinez v. Astrue, 389 Fed. Appx. 866, 869 (10th Cir. Aug. 3, 2010), or whether the new evidence submitted to the Appeals Council provides a basis for changing the ALJ's decision.  Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004).

and weakness.  This undisputed medical evidence is sufficient to meet the threshold for a severe impairment at step two.

However, in the alternative, the ALJ found at step four that plaintiff could perform past relevant light work as a shirt presser and a laundry sorter (R. at 18).  Thus, the question before the court is whether the impairments noted by Dr. Schmidt could impact plaintiff's ability to perform those jobs.

Light work requires a good deal of walking or standing.  20 C.F.R. § 404.1567(b).  The job of shirt presser requires the ability to frequently (from 1/3 to 2/3 of the time) reach, handle and finger.  1991 WL 673023; DICOT 363.685-026.  The job of laundry sorter requires the ability to reach and handle frequently, and the ability to finger occasionally (up to 1/3 of the time).  1991 WL 672991; DICOT 361.687-014.

Dr. Schmidt indicated that because of plaintiff's arthralgia, or joint pain, she had some limited range of motion in her hands and knees and some stiffness present on movement; she also had limited endurance and weakness.  These limitations, if accurate, raise legitimate questions about her ability to reach, handle and finger frequently, and her ability to stand and/or walk a good deal.  There is no evidence before the court that a person with the limitations described by her treating physician could perform past relevant work as a shirt presser or a laundry sorter.  The court cannot speculate regarding the

impact of the limitations set forth by Dr. Schmidt on plaintiff's RFC or her ability to perform past relevant work. Therefore, this case shall be remanded in order for the ALJ to consider the impact of plaintiff's arthralgia on her ability to work.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 31st day of March 2017, Topeka, Kansas.


s/Sam A. Crow
_____
Sam A. Crow, U.S. District Senior Judge